UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL E. WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-1483 (ABJ) |
| ROBERT WILKIE, *Secretary of Veterans Affairs, et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Michael E. Williams is a disabled army veteran who, proceeding *pro se*, brought this lawsuit against President Donald J. Trump; Robert Wilkie,[1] the Secretary of Veterans Affairs; and other individuals allegedly employed by the Department of Veterans Affairs ("VA").[2] *See* Compl. [Dkt. # 1]; Am. Compl. [Dkt. # 6] (incorporating the statement of facts in the original complaint). At bottom, plaintiff appears to be dissatisfied with the amount of disability benefits he is receiving from the VA, and the length of time it takes for disputes to be resolved. *See* Compl.; Am. Compl. at 4. He maintains that he is entitled to an eighty percent disability rating, instead of

---

1 The original complaint named David J. Sulkin, the former Secretary of Veterans Affairs as a defendant. *See* Compl. [Dkt. # 1]; Am. Compl. [Dkt. # 6]. Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes his successor, Robert Wilkie, as a defendant.

2 Plaintiff named Brian Young, Jeff Reeder, Bryan Ross, and Greg Linnert as other defendants in this lawsuit. *See* Compl.; Am. Compl. Beyond their inclusion as parties in the case, defendants Young, Reeder, and Linnert "are not mentioned in the complaint, and it is unclear what role, if any, they played" in the determination of plaintiff's benefits. *Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 8–9 (D.D.C. 2010) (dismissing defendants against whom no allegations were made in the complaint). Because there are no factual allegations concerning these defendants in the complaint, the Court concludes that plaintiff has failed to state a claim against them under Rule 12(b)(6). *See id.* Therefore, they will be dismissed.

the ten percent rating he has received, or $150,000.00. Am. Compl. at 5; Pl.'s Resp. to Def.'s Mot. to Dismiss [Dkt. # 27] ("Pl.'s Opp.") at 4.[3]

Pending before the Court is defendant Wilkie's motion to dismiss. Def.'s Mot. to Dismiss [Dkt. # 25] ("Def.'s Mot"); Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 25] ("Def.'s Mem."). While the Court can certainly understand why plaintiff is frustrated with the status of his case, it will grant the motion to dismiss because it lacks subject matter jurisdiction to hear plaintiff's claims.

## BACKGROUND

The record[4] reveals that plaintiff served in the U.S. Army from August 12, 1963, through July 29, 1966. Ex. A to Def.'s Mot. [Dkt. # 25-1] ("Ex. A") at 2. In January 2008, the VA awarded plaintiff monthly benefits for a medical condition found to be related to his military service. *Id.* at 1. The VA rated this injury as ten percent disabling. *Id.*

Plaintiff appealed that decision on January 27, 2011, seeking additional benefits. *See* Ex. A at 2. The VA apparently did not decide the appeal until June 12, 2017. *See id.* While the VA

---

3   Plaintiff's complaint is somewhat illegible, but he appears to ask for an "80% rating as stated" and "$150,000 + life time 6 yrs." Am. Compl. at 5. In his opposition, plaintiff clarifies that "the demand is for 80% in VA benefits or $150,000.00 either would pay for the remainder of [his] life." Pl.'s Opp. at 4.

4   When considering a motion to dismiss for lack of jurisdiction, the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Further, where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

found that other injuries plaintiff cited were service-connected, it rated them as zero percent disabling and therefore denied additional compensation. *Id.* at 1–3, 5. On June 14, 2017, the VA sent plaintiff a letter explaining that he would not receive any additional benefits since "[t]he law says VA can't pay for disabilities that are less than 10% disabling." *Id.* at 5. But it confirmed that plaintiff would continue to receive compensation at the ten percent disability rating, per the 2008 determination. *Id.*

Plaintiff appealed the decision, and on June 24, 2017, the VA sent plaintiff another letter indicating that the appeal had been certified to the Board of Veterans' Appeals. Ex. A at 6. Plaintiff's case remains open. *Id.* at 6; Def.'s Mem. at 2; *see* Pl.'s Opp. at 4–5.

Plaintiff initiated this action on June 19, 2017 in the U.S. District Court for the Eastern District of Texas. *See* Compl. That court observed that plaintiff's complaint lacked "information necessary for the Court's review of [p]laintiff's claims," so it ordered plaintiff to submit an amended complaint using the "General Complaint" form found on the court's website. Order [Dkt. # 3]. Although plaintiff filed an amended complaint, it merely incorporated the statement of facts from the original complaint. *See* Am. Compl. at 4. On June 30, 2017, the Eastern District of Texas transferred the case to this Court based on the location of the defendants and the alleged misconduct. *See* Order to Transfer [Dkt. # 8].

While plaintiff filed a lawsuit against six people, the complaint only makes allegations against three of them. The complaint alleges that the Secretary of the VA and the President of the United States have "conspired to cut or eliminate veteran disability payments." Compl.; Am. Compl. at 4. Plaintiff also claims that "Bryan Ross reported [him] as deceased to stop disability

3

payments." Compl.; Am. Compl. at 4.[5] Plaintiff complains of "age discrimination, fraud in filing false documents . . . , conspiracy to deny medical attention, arbitrary and capricious claim, [and] intentional delay to cause [his] death . . . prior to [the] resolution" of his unanswered requests. Compl.; Am. Compl. at 4.

On February 14, 2018, defendant Wilkie filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim. Def.'s Mot. Plaintiff responded on March 5, 2018, Pl.'s Opp., but defendant did not file a reply brief.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

I.  **Subject Matter Jurisdiction**

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan*

---

5   The complaint provides no other information about defendant Ross's role at the VA. However, it seems as if he worked at the VA office located in Waco, Texas since plaintiff attempted to serve him there. *See* Aff. [Dkt. # 20] at 7.

4

*v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri*, 782 F.2d at 241. Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro*, 104 F. Supp. 2d at 22, citing *Herbert*, 974 F.2d at 197; *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II. Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing *Schuler*, 617 F.2d at 608. Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler*, 761 F.3d at 38, citing *Richardson*, 193 F.3d at 54, because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520. Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Kowal*, 16 F.3d at 1276. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

ANALYSIS

I.  **The Court lacks jurisdiction to review VA benefits determinations.**

As defendant argues in his motion to dismiss, the Court does not have jurisdiction over plaintiff's claim because judicial review of VA benefits determinations "has long been precluded by 38 U.S.C. § 511." Def.'s Mem. at 6. The Court agrees.

Pursuant to the Department of Veterans Affairs Codification Act, "[t]he Secretary [of the VA] shall decide all questions of law and fact necessary to a decision . . . that affects the provision of benefits . . . to veterans." 38 U.S.C. § 511(a); Pub. L. No. 102-83, § 511, 105 Stat. 378 (1991). Subject to very few exceptions, none of which are relevant here, the decisions of the Secretary "shall be final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a). The D.C. Circuit has reiterated that "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals[6] and from there to the United States Court of Appeals for the Federal Circuit." *Price v. United States*, 228 F. 3d 420, 421 (D.C. Cir. 2000) (upholding district court's decision to dismiss a case for lack of subject matter jurisdiction where the plaintiff was "challenging the VA's action or inaction with respect to a veterans' benefits matter"); *see also* 38 U.S.C. §§ 7252(a), 7292.

Based on the somewhat conclusory and scattered allegations in the complaint, it appears that plaintiff is attempting to challenge the VA's decision to deny him additional benefits since the only relief he seeks is a change in his disability rating from ten percent to eighty percent, or monetary compensation from the VA to make up for allegedly wrongfully withheld payments. *See*

---

[6]  The court has been redesignated as the United States Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7252(a); Pub. L. No. 105-368, § 511, 112 Stat. 3315 (1998).

7

Compl.; Am. Compl. at 4. Although plaintiff appealed the VA's decision to the Board of Veterans' Appeals, *see* Ex. A at 6, he is also seeking redress in this Court.

Plaintiff's appeal still has not been decided. And even if it had, plaintiff's next step would be to file an appeal with the Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). After that, his next avenue for redress would be the Court of Appeals for the Federal Circuit. *Id.* § 7292. At no point in time would plaintiff properly be before this Court.

Because section 511 forecloses any review of VA benefits determinations by federal district courts, this Court does not have jurisdiction to hear plaintiff's claim. Therefore, plaintiff's complaint must be dismissed.

## II. The Court also lacks jurisdiction under the doctrine of sovereign immunity.

Defendant also maintains that he cannot be sued because he is protected by sovereign immunity. Def.'s Mem. at 4–6. The doctrine of sovereign immunity "shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States may not be sued without Congress's express statutory waiver of sovereign immunity; "it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

### A. The Federal Torts Claims Act

Even if one were to construe plaintiff's allegations as tort claims against defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80, those claims would be barred. "The FTCA 'grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the

government's sovereign immunity for such claims.'" *Jerome Stevens Pharms., Inc.*, 402 F.3d at 1252, quoting *Sloan v. U.S. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001); *see also* 28 U.S.C. § 1346(b)(1). But the waiver covers only claims for money damages against the United States, 28 U.S.C. § 1346(b)(1), and the remedy against the United States provided by section 1346(b) is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.* § 2679(b)(1). Similarly, the remedy against the United States provided by section 1346(b) is exclusive of remedies against federal agencies for the same action. *Id.* § 2679(a). So, the "United States is the only proper defendant" in suits brought under the FTCA. *Majano v. United States*, 469 F.3d 138, 139 (D.C. Cir. 2006); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (emphasis in original) (internal citation omitted).

Thus, even if plaintiff was seeking to bring a tort claim against the Secretary of the VA or the other individual defendants associated with the VA (i.e., Brian Young, "VA Rating Agency"; Jeff Reeder, "VA Attorney"; Bryan Ross, "WACO Office VA"; and Greg Linnert, "VA Denver Office"), these claims against the defendants in their official capacities must be treated as claims against the agency, *see Graham*, 473 U.S. at 166, and those claims are not cognizable under the FTCA since the only proper defendant is the United States. Moreover, even if, by naming the

President[7] and/or the Secretary, plaintiff intended to sue the United States, any claim under the FTCA would not survive.

Although the FTCA generally waives the government's sovereign immunity, there are several exceptions. Particularly relevant to this case, the United States does not waive its sovereign immunity for certain intentional torts such as "[a]ny claim arising out of . . . abuse of process, . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Plaintiff's allegations of "fraud" and "intentional delays" fall within this exception.

The Court would also be bound to dismiss a complaint asserting a tort claim for intentional or negligent failure to pay medical bills. *See Price*, 228 F.3d at 422. In *Price*, a veteran alleged that the VA wrongfully denied reimbursement for his medical expenses, and the Court considered whether the FTCA would provide a basis for jurisdiction. *Id.* Because the alleged wrongdoing in the case occurred in Florida, liability had to be determined in accordance with an analogous Florida law, and the Court identified an insurance statute that created a private right of action for a person damaged by an insurer's bad faith failure to settle his or her claim. *Id.*, citing Fla. Stat. ch. 624.155(1)(b)(1) (creating a private right of action against an insurer when a person is damaged by the insurer "[n]ot attempting in good faith to settle claims"); *see also* 28 U.S.C. § 1346(b)(1) (providing that the FTCA waives sovereign immunity for private tort actions against the United

---

7  Plaintiff claims that President Trump "conspired to cut or eliminate veteran disability payments." Compl.; Am. Compl. at 4. However, as President of the United States, defendant Trump is absolutely immune from "damages liability for acts within the 'outer perimeter' of his official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982). That "immunity is not overcome by 'allegations of bad faith or malice.'" *Klayman v. Obama*, 125 F. Supp. 3d 67, 86 (D.D.C. 2015), quoting *Barrett v. Harrington*, 130 F.3d 246, 254–55 (6th Cir. 1997). It does not appear that President Trump has been properly served in this case, *see* Summons [Dkt. # 19]; Aff. [Dkt. # 20], and he has not entered an appearance. Nonetheless, because the alleged acts of President Trump fall within the outer perimeter of his official responsibilities, the Court will dismiss the case against him for lack of subject matter jurisdiction.

States where it would be liable if it was a private person, "in accordance with the law of the place where the act or omission occurred"). Because a "necessary predicate of such a claim is a determination that the insurer acted in bad faith," the D.C. Circuit concluded that judicial review was foreclosed by 38 U.S.C. § 511(a), since such a determination would require the district court to evaluate the processes and decisions of the VA. *Price*, 228 F.3d at 422. The Circuit reiterated that "a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." *Id.*

In this case, any liability determination for tortious wrongdoing would be decided under Texas or District of Columbia law since that is where defendants Wilkie and Ross allegedly acted. *See* 28 U.S.C. § 1346(b)(1); Compl.; Am. Compl. at 4. Just as in *Price*, both Texas and the District of Columbia have similar insurance laws that would require the Court to make a predicate finding of bad faith on the part of the VA, *see* Tex. Ins. Code Ann. § 541.060(a)(2) (prohibiting insurers from "failing to attempt in good faith to effectuate a prompt, fair and equitable settlement" of a claim); D.C. Code Ann. § 31-2231.17(b)(6) (prohibiting insurers from failing to "attempt in good faith to effectuate prompt, fair, and equitable settlement of claims"), and that it cannot do. Therefore, the decision in *Price* requires dismissal of the action for lack of subject matter jurisdiction. *See Price*, 228 F.3d at 422; *see also Principi*, 394 F.3d at 974–75 (applying *Price* and concluding that certain claims were appropriately dismissed for lack of subject matter jurisdiction because adjudicating those claims would require the court to first determine if the VA acted properly).

B. **The Administrative Procedure Act**

Plaintiff uses the phrase "arbitrary and capricious" in his complaint to describe defendants' conduct. *See* Compl.; Am. Compl. at 4. As defendant Wilkie points out in his motion, this phrase

is commonly associated with the Administrative Procedure Act ("APA"), which provides that "person[s] suffering legal wrong because of agency action" are "entitled to judicial review thereof." 5 U.S.C. § 702; Def.'s Mem. at 6. The APA also includes a waiver of sovereign immunity,[8] see 5 U.S.C. § 702, but defendant argues that this waiver would be inapplicable in this case if plaintiff intended to invoke it. Def.'s Mem. at 6. The Court agrees.

The APA's waiver of sovereign immunity is limited since the APA does not "affect[] other limitations on judicial review." 5 U.S.C § 702. "[I]n other words, where section 511 has limited judicial review of benefits determinations, section 702 of the APA does not provide an exception to or a way around section 511." *Fermin v. United States*, 268 F. Supp. 3d 228, 232 (D.D.C. 2017) (concluding that the district court did not have subject matter jurisdiction over the plaintiff's claims, which revolved around his denial of veteran's benefits).

Further, under the APA, a district court may only review "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. But there has been no "final agency action" in this case since plaintiff's appeal remains pending, and that appeal must go through additional levels of review before it is deemed "final." Moreover, plaintiff has access to a multi-tiered system of review that provides him with an adequate remedy in a court – namely, the Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 7252(a), 7292.

Therefore, the APA does not provide a basis for jurisdiction here either.

## CONCLUSION

The Court lacks subject matter jurisdiction to hear plaintiff's claims stemming from the denial of his veteran's benefits. Therefore, the Court will grant defendant Wilkie's motion to

---

8   This analysis also presumes that plaintiff had named the United States as a defendant.

dismiss.  The Court will also dismiss the claims against the remaining named defendants for the reasons stated in this Memorandum Opinion.

A separate order will issue.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE:  August 13, 2018